IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH WILLIAM McCLAIN, JR., *Plaintiff*, | : | CIVIL ACTION |
| v. | : | |
| LT. LOZAR, *et al.* *Defendants*. | : | NO. 08-4637 |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**  JANUARY 23, 2018

Plaintiff Ralph William McClain, Jr., brings this civil rights action pursuant to 42 U.S.C. § 1983 primarily based on allegations that officials at the State Correctional Institution at Graterford deprived him of his property, including composition books containing original hip-hop lyrics that Mr. McClain sought to publish. He seeks leave to proceed *in forma pauperis*. Mr. McClain is granted leave to proceed *in forma pauperis* and his Complaint is dismissed.

### I.  FACTS[1]

Mr. McClain filed this civil action in September of 2008, when he was an inmate incarcerated at SCI-Cresson, based on events that occurred during his 2006 incarceration at SCI-Graterford.[2] The Complaint names the following employees of SCI-Graterford as defendants: (1) Lt. Lozar; (2) Lt. D. White; (3) Capt. Dohman; (4) Deputy Lorenzo; (5) Deputy Murry; (6) Mr. Banta; (7) Supt. DiGuglielmo; (8) Sgt. Curran; and (9) C.O. Andaloro. Mr. McClain's

---

[1] The following facts are taken from the Complaint.

[2] Mr. McClain is currently incarcerated at the Curran-Fromhold Correctional Facility. It appears that the Complaint mistakenly uses the year 2008 at times to refer to events that occurred in 2006.

claims are primarily based on the seizure of property from his cell and Defendants' failure to return that property.

According to the Complaint, Mr. McClain was removed from his cell and housed in a special psychiatric cell on September 21, 2006. When he returned to his former cell on September 26, 2006, his property was gone, including two composition books containing Mr. McClain's original writings and song lyrics. Mr. McClain was informed that C.O. Andaloro had packed up his property on the evening Mr. McClain was removed from his cell.

On September 28, 2006, Mr. McClain filed a grievance, which was assigned to Lt. White. Mr. McClain contends that Lt. White did not timely respond to the grievance, so Mr. McClain appealed to Superintendent DiGuglielmo. Mr. McClain subsequently received a response from Lt. White, which concluded that the grievance was meritless. Lt. White's response also noted that "a black composition book was confiscated and turned over to security," but did not explain why the item was confiscated. (Compl. at 6, ¶ 6.) The response identified Lt. Lozar as the official who confiscated the composition book. Mr. McClain alleges that two of his composition books had been seized, not just one.

Mr. McClain sent request slips to Capt. Dohman, the security captain, and another official who is not named as a defendant, asking the reason why his composition books were seized and requesting their return. When Mr. McClain did not receive a response, he sent additional requests to Superintendent DiGuglielmo and Deputy Lorenzo; those requests were referred back to Captain Dohman.

At some point, Superintendent DiGuglielmo responded to Mr. McClain's broader appeal concerning his property by instructing Mr. Banta, the unit manager, to return Mr. McClain's (unspecified) property to him. Mr. McClain received boxes with his property in late November

of 2006, but several items were allegedly missing, including the two black composition books. Mr. Banta instructed Mr. McClain to document what was missing and stated that he would take care of it. Despite submitting another grievance, Mr. McClain's composition books were not returned to him.

On November 23 or 24, 2006, C.O. Andaloro and two other correctional officers searched Mr. McClain's cell. During the search, C.O. Andaloro read the contents of one of Mr. McClain's composition books that contained Mr. McClain's writings.[3] Mr. McClain alleges that this book was not seized by the officers even though responses to his grievances mistakenly indicated that the item had been seized.

In December of 2006, Mr. McClain spoke to Deputy Murry about his missing composition books. Deputy Murry agreed to look into the matter and responded to Mr. McClain on January 17, 2007 that "Dohman claims you got it. I can't locate it. Sorry." (Compl. at 8, ¶ 16.) Ten days later, Lt. White responded to one of Mr. McClain's grievances stating that "Sgt. Curran informed (him) that [Mr. McClain] received [his] book on the 20th of Dec." (Id. at 8, ¶ 17.) The response included a photocopy of an inventory sheet reflecting that one composition book had been seized instead of two; the location on the sheet where Mr. McClain would have signed to reflect receipt of the book was blank. Mr. McClain was transferred to SCI-Smithfield on March 3, 2007 even though "none of [his] belongings [were] replaced and [his] composition book was still missing." (Id. at 8, ¶ 18.)

Although the majority of Mr. McClain's claims concern the property removed from his cell on September 21, 2006, Mr. McClain also alleges that on September 4, 2006, he gave C.O. Terry (who is not named as a defendant in the instant case) documents for copies. After waiting

---

[3] This composition book is different from the ones that were taken from Mr. McClain's cell in September 2006, as the ones taken from Mr. McClain had not been returned to him.

3

two weeks for copies, Mr. McClain submitted a grievance seeking $200 to compensate him for the loss of his documents. Wendy Moyer (who is also not identified as a defendant in this case) responded to the grievance and offered Mr. McClain $4.00. Mr. McClain appealed to Superintendent DiGuglielmo, but he reiterated the offer of $4.00; Mr. McClain's final appeal was met with the same response.

Based on those allegations, Mr. McClain asserts various constitutional claims pursuant to 42 U.S.C. § 1983; *to wit*: Fourth Amendment and Due Process violations based on the Defendants' search of his cell, seizure of his property, failure to return or compensate him for that property, and First Amendment claims against Lt. Lozar and Captain Dohman based on the alleged seizure of and failure to return his composition books containing song lyrics. He seeks damages to compensate him for his lost property.

After the Court received Mr. McClain's complaint and *in forma pauperis* motion, the Honorable Ronald Buckwalter, who was assigned to the case, issued an order informing Mr. McClain that he would be obligated to pay the $350 filing fee in accordance with the Prison Litigation Reform Act (PLRA). The order further informed Mr. McClain that if he sought to proceed with the case in light of that financial obligation, he would be obligated to inform the Court. Although Mr. McClain submitted a timely notice indicating his intent to proceed, it was not ruled on at that time. Three years later, Mr. McClain submitted various exhibits in the form of copies of grievances and responses related to his claims. After Mr. McClain filed his most recent civil action, *McClain v. Timberman*, E.D. Pa. Civ. A. No. 17-5839, the case was reassigned to the undersigned, as Judge Buckwalter had retired.

## II. STANDARD OF REVIEW

Mr. McClain's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* As Mr. McClain is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Fourth Amendment Claims

Mr. McClain cannot state a Fourth Amendment claim based on the search of his cell, the seizure of his personal property from his cell, or C.O. Andaloro's reading of his personal writings during the November 2006 search. The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell" because "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and

---

[4] As Mr. McClain was a prisoner at the time he filed this civil action, he is obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(b).

objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Accordingly, the Court will dismiss Mr. McClain's Fourth Amendment claims with prejudice because they are legally baseless. *See Barndt v. Wenerowicz*, 698 F. App'x 673, 678 (3d Cir. 2017) (*per curiam*) ("[T]he District Court correctly concluded that the Fourth Amendment does not apply to searches of prison cells or seizures of property within them.").

### B. Due Process Claims Based on Failure to Return Mr. McClain's Property

Mr. McClain also cannot state a Due Process claim based on the Defendants' alleged seizure of and/or failure to return his property in connection with the various incidents described in the Complaint. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the prison grievance process and Pennsylvania law provide Mr. McClain with adequate remedies, so there is no basis for a Due Process claim. *See Barndt*, 698 F. App'x at 678, ("With regard to his due process claim, the District Court properly determined that the availability of a post-deprivation grievance procedure afforded him sufficient due process in connection with his confiscated property."); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (*per curiam*) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy."). As there is no plausible basis for amending the defects in Mr. McClain's Due Process claims stemming from the alleged deprivation of his property, those claims are dismissed with prejudice.

## C. First Amendment Claims

What remain are Mr. McClain's First Amendment claims against Lt. Lozar and Captain Dohman based on the seizure of and failure to return his composition books containing song lyrics and other personal writings. "[O]nce prison security is accomplished, 'a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Abu-Jamal v. Price*, 154 F.3d 128, 134 (3d Cir. 1998) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987); *Wisniewki v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017). Here, Mr. McClain alleges that composition books with his personal writings were confiscated as a security matter without any explanation. As it is not clear at this early stage of the litigation whether the confiscation of Mr. McClain's material was justified, he may proceed on his First Amendment claims at this time.

## IV. CONCLUSION

For the foregoing reasons, this Court dismisses Mr. McClain's claims with prejudice with the exception of his First Amendment claims against Lt. Lozar and Captain Dohman. An appropriate order follows.

.