**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RALPH WILLIAM McCLAIN, JR.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LT. LOZAR,** *et al.* | : | **NO. 08-4637** |
| *Defendants.* | : | |

# O R D E R

**AND NOW**, this 23rd day of January, 2018, upon consideration of Mr. McClain's motion to proceed *in forma pauperis* and his *pro se* Complaint, it is **ORDERED** that:

1.    As Mr. McClain is currently incarcerated at the Curran-Fromhold Correctional Facility, the Clerk of Court is directed to update Mr. McClain's address to 7901 State Rd, Philadelphia PA 19136.

2.    Leave to proceed *in forma pauperis* is **GRANTED**.

3.    Plaintiff Ralph William McClain Jr., #814451, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b).  Based on the financial information provided by Mr. McClain, an initial partial filing fee of $6.72 is assessed.  The Warden or other appropriate official at the Curran-Fromhold Correctional Facility or at any other prison at which Mr. McClain may be incarcerated is directed to deduct $6.72 from Mr. McClain's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 08-4637.  After the initial partial filing fee is collected and until the full filing fee is paid, the Warden or other appropriate official at the Curran-Fromhold Correctional Facility or at any other prison at which Mr. McClain may

be incarcerated, shall deduct from Mr. McClain's account, each time that Mr. McClain's inmate trust fund account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 08-4637.

4.      The Clerk of Court shall file the Complaint.

5.      Mr. McClain's Fourth Amendment claims and his Fourteenth Amendment claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) consistent with the Court's Memorandum, which resolves all of his claims against Defendants Lt. D. White, Deputy Lorenzo, Deputy Murry, Mr. Banta, Supt. Diguglielmo, Sgt. Curran, and C.O. Andaloro.

6.      Mr. McClain may proceed at this time on his First Amendment claims against Lt. Lozar and Capt. Dohman.

7.      The Clerk of Court is specially appointed to serve written waiver requests on defendants Lt. Lozar and Capt. Dohman, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service requests shall be accompanied by copies of the Complaint, and shall inform the defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow the defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c).

8.      All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be

made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

"I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).

_____
(Signature)"

7.    Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and local rules are to be followed. Mr. McClain is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal of this action.

8.    Mr. McClain is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Mr. McClain shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

9.    No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

10.    In the event a summons is returned unexecuted, it is Mr. McClain's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

11.    The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

12.    The Clerk of Court is directed to send a copy of this order to the Warden of the Curran-Fromhold Correctional Facility.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*